Charles GANDY, by his grandmother and next friend, Eunice G. Gandy, Plaintiff-Appellant,

v.

PANAMA CITY, FLORIDA, a Municipal Corporation, J. W. Duncan, et al., Defendants-Appellees.

No. 74-3377

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1974.

Jerry W. Gerde; Franklin R. Harrison, Panama City, Fla., for plaintiff-appellant.

Rowlett W. Bryant, Panama City, Fla., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Gandy, 15 years old, brought this § 1983 action for compensation and punitive damages against the City of Panama City, Florida, various city officials, and city police officers for alleged "violations of his rights and privileges and immunities guaranteed by the United States Constitution, and its Amendments." The principal theory of the action involved an allegation of excessive force in the arrest of Gandy for four motorcycle traffic offenses. We affirm the dismissal of the complaint on motion as to all defendants but the arresting officer, and affirm the summary judgment against plaintiff as to him.

The district court dismissed the complaint on motion as to all parties ex-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co., of New York et al., 5th Cir. 1970, 431 F.2d 409.

cept police officer J. W. Duncan. The complaint was dismissed as to the City of Panama City on the authority of City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), and as to police officer Clay on the ground that the participation of Clay was simply insufficient as a matter of law to sustain § 1983 action. Gandy does not challenge these rulings on appeal. He does, however, contest the dismissal as to the Mayor, City Commissioner, and Chief of Police. We agree with the district court that the plaintiff's complaint did not state a § 1983 action as to these officials. *See* Anderson v. Nosser, 438 F.2d 183, 198–199 (5th Cir. 1971).

As to officer Duncan, the sole remaining defendant, the court, finding no genuine issue of material fact, granted Duncan's motion for summary judgment on the pleadings, affidavits, and depositions. We affirm.

The controlling facts are undisputed. On June 22, 1973, defendant Duncan observed the 15 year old plaintiff operating a motorcycle at an excessive rate of speed and gave prompt and immediate pursuit; however, he was unable to stop Gandy before his arrival and entry into his grandmother's home. Duncan entered the grandmother's house, handcuffed the plaintiff, and then transported him in the patrol vehicle to the booking room of the Panama City police station. Gandy was formally given a uniform traffic citation for the following offenses: (1) operating a motor vehicle of greater horsepower than that permitted by the operator's driving license; (2) operating a motor vehicle with an improper license plate; (3) reckless driving; and (4) eluding a police officer. This citation was signed by Gandy on his own representation that he would appear before the court on the offenses at the time and place stated. He was then transferred from the Panama City police station by the juvenile officer to the Division of Youth Services for the offense of eluding a police officer, over which the municipality did not have jurisdiction. Thereafter, the plaintiff entered a plea of guilty to operating a motor vehicle of greater horsepower than permitted by his license and operating a motor vehicle with an improper license plate. The other charges were dismissed.

■ We agree with the district court that the handcuffing and transporting of Gandy in the cage of the patrol car under the facts of this case do not make out a case of constitutional proportions required by § 1983. Before this arrest, Gandy had been arrested by the City on approximately five occasions and was known to the arresting officer.

■ Plaintiff argues that defendant Duncan's treatment of him in arresting him and carrying him to the police station for booking violated the procedural safeguards for juveniles provided in Florida Statute § 39.03(3). Even if the plaintiff were correct as to the violation, noncompliance with this statute violates no *federally protected right*. *Cf.* Adams v. Wainwright, 445 F.2d 832 (5th Cir.), cert. denied, 404 U.S. 860, 92 S.Ct. 160, 30 L.Ed.2d 103 (1971).

After considering the record in this case, we find no error in the decision of the district court that there is no genuine issue of any material fact, and that plaintiff has failed to show a violation of his constitutional rights.

Affirmed.